IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLYDE LAMB,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV208-160

Officer C. DAVIS; Officer STEVENS;
GLYNN COUNTY DETENTION
CENTER; Sgt. MORAN, and WAYNE
BENNETT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently confined at the Glynn County Detention Center in Brunswick, Georgia, filed an action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as a Defendant Sergeant Moran. However, Plaintiff makes no factual allegations in his Complaint against Defendant Moran. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant Moran, his claims against Defendant Moran should be dismissed.

In addition, Plaintiff names Wayne Bennett, the Sheriff, as a Defendant. It appears Plaintiff seeks to hold Defendant Bennett liable based solely on his position as supervisor. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection

between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Bennett should be dismissed.

Finally, Plaintiff names the Glynn County Detention Center as a Defendant. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), a county detention center, as a mere arm of such governments, is not generally considered a legal entity subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Glynn County Detention Center, as the Glynn County Detention Center is merely a vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Plaintiff's remaining claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Moran, Bennett, and the Glynn County Detention Center be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE