FILED
U.S. DIST. COURT
2009 APR 10 AM 10: 49
CLERK C. Robinson
SO. DIST. OF GA.

# In the United States District Court
# for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| CLYDE LAMB, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Officer C. DAVIS, Officer STEVENS, GLYNN COUNTY SHERIFF'S DEPARTMENT, Sgt. MORAN, and WAYNE BENNETT, | : | |
| Defendants. | : | NO. CV208-160 |

### O R D E R

Plaintiff, Clyde Lamb, filed the above-captioned case against Defendants, Officer C. Davis, Officer Stevens, the Glynn County Detention Center, Sergeant Moran, and Glynn County Sheriff Wayne Bennett, asserting claims against Defendants pursuant to 42 U.S.C. § 1983.

Magistrate Judge James E. Graham conducted a frivolity review of Plaintiff's complaint, and entered a report and recommendation that suggested dismissal of Lamb's claims against the Glynn County Detention Center, Moran, and Sheriff Bennett.[1]

A complaint is frivolous "where it lacks an arguable

---

[1] The report and recommendation made no determination regarding the viability of Plaintiff's claims against Davis or Stevens.

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To warrant dismissal on this ground, a plaintiff's complaint must be based on "indisputably meritless" legal theories or the factual allegations must be "clearly baseless." Id. at 327.

The report and recommendation stated that Plaintiff appeared to hold the Sheriff liable based solely on his supervisory role. The Magistrate Judge correctly noted that there is no respondeat superior liability under § 1983. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801-02 (11th Cir. 1998). Under governing law, a supervisor may be liable under § 1983, either where he personally participated in the constitutional violation, or where there is a causal connection between the supervisor's conduct and the alleged violation. Id. at 802.

The Court concurs with the report's finding that Lamb failed to state a claim entitling him to relief against either Moran or Bennett. Lamb's complaint failed to make any allegation of wrongdoing against either Defendant. Therefore, it is proper to dismiss the claims against both Defendants. However, the Court finds that dismissal of Plaintiff's other claim was not warranted.

The Sheriff's Department, rather than the county

2

government in the county where the department is located, is responsible for the law enforcement functions and acts of the Sheriff's deputies. Grech v. Clayton County, 335 F.3d 1326, 1341-43 (11th Cir. 2003). By naming the Glynn County Detention Center as a Defendant, Lamb sued an arm of the Glynn County Sheriff's Office. Lamb named Sheriff Bennett as a Defendant in the case, and the Sheriff had the ultimate policy-making authority in his office.[2] Lamb gave the Glynn County Sheriff's Department fair notice of the claims asserted against it. Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

As the report and recommendation recognized, the Court construes pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). "[T]he purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957), disapproved of on other grounds, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-63 (2007).

Considering all these facts, it is inappropriate to dismiss Lamb's claim against the Sheriff's Department because

---

[2] If the policies and customs of the Sheriff's Office caused the constitutional violation, the Glynn County Sheriff's Department would be liable. Grech, 335 F.3d at 1330-35; see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

AO 72A
(Rev. 8/82)

he sued a subunit of that office, and failed to exactly name the technically proper party Defendant.

> The general rule is that in the caption of the complaint, "the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a). But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.

Trackwell v. United States, 472 F.3d 1242, 1243-44 (10th Cir. 2007); see also Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983).

"The mistaken caption did not relieve the district court of its duty to construe a pro se pleading liberally." Retic v. United States, 215 Fed. App'x 962, 964-65 (11th Cir. 2007); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). At least at this stage of the proceedings, the Court finds that Lamb's claim against the Sheriff's Office is sufficient to go forward.

After an independent review of the record, the Court concurs with the suggested disposition of Lamb's claims against Moran and Bennett. Thus, Lamb's claims against those Defendants are hereby **DISMISSED**.

However, the Court concludes that dismissal is

4

inappropriate as to the claim asserted against the Glynn County Detention Center, which is more appropriately characterized as a claim against the Glynn County Sheriff's Department. In accordance with Federal Rules of Civil Procedure 15 and 10(a), the Court **DIRECTS** the Clerk to correct the caption of the case to reflect that the "Glynn County Detention Center" should actually be listed as the "Glynn County Sheriff's Department."

**SO ORDERED**, this  9th  day of April, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)